### CIANCIMINOS TOW & TRANSPORTATION CO. *v.* THE RIPPLE.

*(District Court, S. D. New York. January 18, 1890.)*

**COLLISION—LOOKOUT.**

The tug R., having the libelant's scow in tow on a hawser, shaped her course to go between the anchored tug M. and the wreck of the A., between which a hawser 175 yards long was stretched, off Barclay street, North river. The R. had no lookout, save the pilot in the wheel-house, and the hawser was not observed until near the M. The tug then sheared to the westward, and cleared the M., but the scow collided with her and was damaged. *Held,* that the R. was in fault, both for not having a separate lookout, who might have seen the hawser in time, and also for improperly shaping her course between the M. and A., instead of going to the westward.

In Admiralty. Libel for damages by collision.
*Carpenter & Mosher*, for libelant.
*R. N. Waite*, for respondent.

BROWN, J. On the 18th of July, 1889, the wrecking boat Merritt was anchored off Barclay-Street pier, from 175 to 200 yards west of the sunken wreck Atlas, with which she was connected by a cable from her stern. The Ripple having the libelant's scow in tow on a hawser, not observing the Merritt's hawser until within a couple of hundred yards

of it, shaped her course so as to go between the Merritt and the wreck. She perceived the hawser in time to sheer to the westward, and cleared the Merritt herself; but in the ebb-tide the scow did not clear, and was damaged by colliding with the Merritt's bow. There was no reason why the Ripple should have undertaken to go between the two boats. The place of the wreck Atlas was well known; and the presence of the Merritt, a wrecking boat, at anchor in the immediate vicinity of the wreck, should have been of itself a sufficient notice to the Ripple to keep away from it. There was no obstruction to the westward, and that was equally within the ordinary course of the Ripple.

The necessity of a lookout, who has no other duties to attend to, is always insisted on in maritime causes. *The Blossom,* Olcott, 188; *The Emily,* Id. 132; *The Tillie,* 13 Blatchf. 514; *Chamberlain* v. *Ward,* 21 How. 548, 570. No doubt, the pilot who is steering a tug-boat, is for the most part a good lookout; but occasions arise, and not unfrequently, when his diverse duties make it impossible for him to see what a lookout, having no other duties, would see. Tugs which, like this, dispense with a separate lookout, must take the risk of being held in fault when such emergencies arise. A lookout attending to his duties would have perceived in time that the Ripple could not go between the Merritt and the wreck. On both these grounds the Ripple must be held in fault, and a decree given for the libelants, with costs, with an order of reference to compute the damages.